**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4185**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ATANASIO NAVA-VEGA,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00110-RJC-1)

———————

Submitted: September 25, 2008      Decided: October 9, 2008

———————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Claire J. Rauscher, Executive Director, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Atanasio Nava-Vega pled guilty to illegal reentry after deportation following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to fifty-two months' imprisonment. He now appeals, questioning the constitutionality of 8 U.S.C. § 1326(b)(1) and (2) in the wake of Apprendi v. New Jersey, 530 U.S. 466 (2000). We affirm.

Because Nava-Vega did not raise the constitutionality of § 1326(b) before the district court, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Section 1326(a) provides a two-year maximum term of imprisonment for any alien who illegally returns to the United States after having been deported. 8 U.S.C. § 1326(a). If the removal was subsequent to a conviction for an aggravated felony, the statutory maximum increases to twenty years. Id. § 1326(b)(2). In Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998), the Supreme Court held that § 1326(b)(2) is a sentencing factor rather than a separate criminal offense. We have expressly determined that the holding in Almendarez-Torres was not overruled by Apprendi and remains the law. United States v. Sterling, 283 F.3d 216, 220 (4th Cir. 2002). We therefore conclude that Nava-Vega's claim is without merit and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED